UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 16 2010 ★

BROOKLYN OFFICE

--------------------------------------------------------- x

ERIC ABAKPORO,

                   Plaintiff,

        - against -

SAHARA REPORTERS, OMOYELE SOWORE,
and OMOYELE SOWORE d/b/a
SAHARAREPORTERS.COM,

              Defendants.

--------------------------------------------------------- x

Civil Action No. _____

**10    3256**

**DEARIE, CH. J.**

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, defendants Sahara Reporters,

Omoyele Sowore ("Sowore") and Omoyele Sowore d/b/a Saharareporters.com (together,

"Defendants") hereby remove to this Court the above-captioned action, pending as Index No.

10987/10 in the Supreme Court of the State of New York, Kings County (the "State Court

Action"). As grounds for removal, Defendants state as follows:

### Factual Background

1.      On May 3, 2010, Plaintiff Eric Abakporo ("Abakporo") filed the State Court

Action.

2.      On June 18, 2010, Defendant Sowore was personally served at his residence in

New Jersey with three copies of the Summons and Complaint ("Complaint" or "Compl.") in the

State Court Action. True and correct copies of the Summons and Complaint, with Affidavit of

Service, are annexed hereto as Exhibit A.

3.      In his Complaint, Plaintiff Abakporo alleges state law claims for libel, invasion of

privacy, intentional infliction of emotional distress and negligent infliction of emotional distress

arising out of two news articles that were written and published by Defendants. *See* Compl. ¶¶ 11-31. The Complaint seeks $30 million in damages. *Id.*, Prayer for Relief, ¶ 5.

4.      Upon information and belief, Plaintiff Abakporo is a citizen of the State of New York, residing in Kings County. *See* Summons (listing Kings County, New York as Plaintiff's residence).

5.      Defendant Sowore is a citizen of the State of New Jersey, residing at 99 Glenbrook Parkway, Englewood, New Jersey 07631. Thus, Sowore is not a citizen of New York.

6.      Defendant Sahara Reporters is the name under which Defendant Sowore does business, is registered in New Jersey as a trade name and has its principal place of business at 99 Glenbrook Parkway, Englewood, New Jersey 07631. Defendant Saharareporters.com is merely the internet domain name of Sahara Reporters and has no independent juridical existence. Thus, Sahara Reporters and Saharareporters.com are not citizens of New York.

### Federal Jurisdiction Under 28 U.S.C. § 1332(a)

7.      Application of 28 U.S.C. § 1332(a). The Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states.

8.      Amount in Controversy. The amount in controversy in this case exceeds $75,000, exclusive of interest and costs, because the Complaint alleges damages of $30 million. *See* Compl., Prayer for Relief, ¶ 5.

9.      Citizenship of the Parties. There is diversity of citizenship between Plaintiff Abakporo and all Defendants. Abakporo is a citizen of New York, and Defendants are all citizens of New Jersey.

2

**Procedural Matters**

10.    Removal is Timely.  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  Defendant Sowore, in his individual capacity and as representative of Defendants Sahara Reporters and Saharareporters.com, was served with three copies of the Summons and Complaint in this action on June 18, 2010.  This Notice of Removal is therefore timely, as the 30-day period for defendants to remove the State Court Action does not expire until July 19, 2010.

11.    Removal to Proper Court.  This Court is part of the "district and division embracing the place where" the State Court Action was filed, in Kings County, New York.  28 U.S.C. § 1446(a); 28 U.S.C. § 112(c).

12.    Pleadings and Process.  Pursuant to 28 U.S.C. § 1446(a), the attached Exhibit A is "a copy of all process, pleadings, and orders served upon" Defendants in the State Court Action.

13.    Filing and Service.  A copy of this Notice of Removal is being filed with the Clerk of the Supreme Court of the State of New York, Kings County, and is being served on Plaintiff Abakporo, consistent with 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Sahara Reporters, Omoyele Sowore and Omoyele Sowore d/b/a Saharareporters.com respectfully remove this action, now pending in the Supreme Court of the State of New York, Kings County, to the United States District Court for the Eastern District of New York.

Dated:  New York, New York
       July 16, 2010

                                        DAVIS WRIGHT TREMAINE LLP

                                        By: _____

                                             Robert D. Balin
                                           Victor Hendrickson
                                    1633 Broadway – 27th Floor
                                    New York, New York 10019
                                    Tel: (212) 489-8230
                                    Fax: (212) 489-8340
                                    robbalin@dwt.com
                                    victorhendrickson@dwt.com

                                        *Attorneys for Defendants*

TO:    ERIC ABAKPORO
         60 Fourth Avenue
         Brooklyn, New York 11217
         Tel: (718) 222-0043

         *Pro Se Plaintiff*

DWT 15023932v1 0050033-000032

Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK   Index No.: 10987/10
COUNTY OF KINGS                          Date Filed:

---------------------------------------
ERIC ABAKPORO,                        ) Plaintiffs designates **KINGS**
                                      ) County as the place of trial
        Plaintiff,                    )
                                      ) The basis of the venue is
    -against-      :                  ) Plaintiff's residence
                                      )
SAHARA REPORTERS, OMOYELE             ) *SUMMONS*
SOWORE, OMOYELE SOWORE d/b/a          )
SAHARAREPORTERS.COM                   )
                                      )
        Defendants.                   )
---------------------------------------

TO THE ABOVE NAME DEFENDANTS:

    *YOU ARE HEREBY SUMMONED* to answer the Complaint in this

action and to serve a copy of your Answer, or, if the Complaint

is not served with this summons, to serve a notice of

appearance, on the plaintiff's attorneys within 20 days after

the service of this summons, exclusive of the day of service (or

within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York);

and in case of your failure to appear or answer, judgment will

be taken against you by default for the relief demanded in the

Complaint.


DATED: Brooklyn, New York
       April 22, 2010

                              By: _____
                                  ERIC ABAKPORO, ESQ.
                                  60 4TH AVENUE
                                  BROOKLYN, NY  11217
                                  (718) 222-0043

Def_____ Address:

_____ KATE LEE  ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------

ERIC ABAKPORO,                          )
                                        )
            Plaintiff,                  )   **VERIFIED COMPLAINT**
                                        )
      -against-                         )
SAHARA REPORTERS, OMOYELE               )
SOWORE, OMOYELE SOWORE d/b/a            )
SAHARAREPORTERS.COM,                    )
                                        )
            Defendants.                 )
---------------------------------------

      Plaintiff Eric Abakporo, complaining of the defendants,
alleges the following:

      1.    That at all times material to this action Plaintiff
Eric Abakporo is an attorney with an office located in Kings
County, Brooklyn.

      2.    Defendant SAHARA REPORTERS and SAHARAREPORTERS.COM is
a web publishing company domain by Godaddy.com with an office in
New York, many readers in New York and has an affiliate
fundraising organization in New York.

      3.    Defendant OMOYELE SOWORE is a writer, publisher and
the alter ego of Sahara Reporters d/b/a SaharaReporters.com a
resident in New York, State of New York.

      4.    Defendants JOHN DOE 1 to 10 are fictitious names of
persons or entities yet to be identified.

      5.    The Defendants OMOYELE SOWORE d/b/a
SAHARAREPORTERS.COM is a web PUBLICATION that has offices
in New York.

## BACKGROUND

6.    Plaintiff ERIC ABAKPORO is an attorney had confronted Defendant OMOYELE on a publication destined to malign a client of Plaintiff ABAKPORO

And both men exchanged harsh words.  The next encounter with both men is this libelous publication, the subject of this action.

## THE PUBLICATION #1, MARCH 30, 2010

7.  The offending aspect of the publication states "St. Cyprian Properties rings a bell in New York because it belongs to Eric Abakporo, who the Daily News reported being part of a terrible scam in 2008, On March 30, 2008, the paper reported that Mr. Abakporo was part of a two-person team that had taken a 78 year old Harlem widow on a round about journey over her property, worth up to $15 million, but in which she had received only $20,000".  By this statement the Defendants has falsely asserted and implied the        (a)   That Plaintiff Abakporo owns St. Cyprian Properties Inc.

(b)   That St. Cyprian Properties Inc. had been involved in a fraudulent scheme with others to defraud Nigerian Mission in New York.

(c) That St. Cyprian Properties Inc. had been involved in prior fraudulent activities

(d) That Plaintiff Eric Abakporo is a man of questionable character who had duped a 78 year old widow woman of her money

(e) That Plaintiff Eric Abakporo is part of dubious ring that has defrauded the Nigerian Government of funds rightfully belonging to the government.

8. Defendants in the offending publication further stated "In one of the documents sent with the petition, Mr. Edgard Caicedo, a principal of corporate Design Collaborative, Inc. (CDCI), which got the renovation contract indicated it could not find Mr. Abakporo, who in his spare time is a pastor of the Deeper Life Bible Church, to pass a letter to. This is despite the fact that the Nigerian Mission was continuing to do business with Mr. Abakporo's St. Cyprian Properties. Two of the transactions show that in one week in December 2009, St. Cyprian Properties got two checks worth $288,797.97 and $386,907.53. Sahara Reporters repeated called Mr. Abakporo's law firm in Brooklyn the calls were not answered and the messaging system could not record voice mails.

By this statement the Defendants had falsely asserted, implied misrepresented and mischaracterized as to the Plaintiff as follows:

(a) That Plaintiff Abakporo was avoiding CDCI

(b)   That Plaintiff Abakporo a pastor of Deeper Life Bible Church has acted in a manner inconsistent with his role as a pastor.

(c)   That Plaintiff Abakporo through St. Cyprian collected two checks in the sum of $288,797.97 and $386,907.53 as part of the fraudulent scheme reported in the offending article.

(d)   That Mr. Abakporo as an attorney had also disappeared from nis law office in furtherance of the alleged fraudulent scheme. *Publication attached as Exh "A" and made a part herein*

### THE PUBLICATION #2 APRIL 22, 2010

9.   On April 22, 2010 Defendants in another article title "Nigerian Ambassador to the UN, JOY OGWU, to commence multi-million dollar lawsuit against Sahara Reporters" republished and restated their publication on April 22, 2010.

10.   Defendants published Plaintiffs picture from the Daily News Publication of March 30, 2008, thus the Defendants on March 30, 2010 and April 22, 2010 blatantly, and with the intent to cause emotional harm to the Plaintiff did republish the Daily News publication of March 30, 2008 in all it ramifications.

### FIRST CAUSE OF ACTION

11.   Plaintiff repeat and realleges  the Complaint contained in paragraphs ¶'s 1 through 10 with the same force and effect as it fully set forth herein.

12. That this statements of the Defendant are libelous to the person of Plaintiff Abakporo as well as the business of Plaintiff Abakporo Esq. as a sole legal practitioner.

13. That this statement of Defendants are defamatory of the person Plaintiff Abakporo as a sole legal practitioner who depends upon his good reputation to make a living and feed his family as well as pay his staff. *Publication Attached at Ext. 'B' and made a part hereof.*

## SECOND CAUSE OF ACTION

14. Plaintiff repeats and realleges the Complaint contained in paragraphs 1 though 13 with the same force and effect as it fully set forth herein.

15. That the aforesaid statements and accusations of the defendants have been publicized and communicated to third persons and the general public by the Defendants with express, reckless and wanton disregard of the Plaintiff's right of privacy.

16. That said publicity has unreasonably placed the Plaintiff in disrepute in the public eye.

17. That by reasons of said result of invasion of privacy and as proximate result thereof Plaintiff was damaged and Defendants are liable to actual and punitive damages.

## THIRD CAUSE OF ACTION

18.   Plaintiff repeats and realleges the Complaint contained in paragraphs 1 though 17 with the same force and effect as it fully set forth herein.

19.   That the statements in the articles were, outrageous, grossly irresponsible, malicious, and derogatory and evinced complete and utter indifference to Plaintiff's rights and reputation.

20.   The articles published by Defendants were unwarranted appropriation and exploitation of Plaintiff's personality.  The publicizing of Plaintiff's private affairs with which the public has no legitimate concern.  It generally culminated in a wrongful intrusion into Plaintiff's private activities, in such a manner as to outrage and cause mental suffering, shame, and humiliation to Plaintiff a person of ordinary sensibilities.

21.   Defendants website which are widely read and discussed all over the world by the public, the legal community at large, family and friends, in including Plaintiff's church groups, business associates brought Plaintiff into public scandal, opprobrium and disrepute.

## FOURTH CAUSE OF ACTION

22.   Plaintiff repeats and realleges the Complaint contained in paragraphs 1 though 21 with the same force and effect as it fully set forth herein.

23. By referring to the Daily News publication of March 30, 2008 and also reproducing the picture therefrom. Defendants recklessly republished a defamatory work and incited a fresh defamation and consequent damage upon the reputation and the image of the Plaintiff.

24. Said publication tended to diminish the esteem, respect, goodwill or confidence in which Plaintiff is held, and harm his reputation as to lower him in the estimation of the community.

25. At the time Defendants published the aforesaid material, Defendants failed to take proper steps to investigate or ascertain the accuracy of the statements, and instead published same with reckless disregard of whether or not it was true.

**FIFTH CAUSE OF ACTION**

26. Plaintiff repeats and realleges the Complaint contained in paragraphs 1 though 25 with the same force and effect as it fully set forth herein.

27. Defendants in the publications of March 20, 2010 and April 22, 2010 as well as in the republication of the March 30, 2008 Daily News article, failed to take proper steps to investigate or ascertain the accuracy of the statements, and instead published same with reckless disregard of whether or not it was true.

28. Said publication tended to diminish the esteem, respect, goodwill or confidence in which Plaintiff is held, and harm his reputation as to lower him in the estimation of the community.

### SIXTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

29. Plaintiff repeats and realleges the Complaint contained in paragraphs 1 though 28 with the same force and effect as it fully set forth herein.

30. Plaintiff was owed a duty by the Defendants to use reasonable and ordinary care in writing, printing, publishing and circulation of the above statement.

31. Defendants breached their duty of care owed to Plaintiff by writing, printing, published and circulating the false statement above.    Defendants should have known that failure to exercise due care in the performance of writing, printing, publishing and circulating, or causing to be written printed, published and circulated the false and scandalous statement would cause Plaintiff severe emotional distress.

Based upon the foregoing, the Plaintiff demands the judgment of this Court for the following:

1.   Libel-defamation of character

2.   Breach of right of privacy

3.   Intentional infliction of emotional distress

4.   Negligent infliction of emotional distress

5.   The sum of $30,000,000.00 million dollars for damages
     to the person and business image of the Plaintiff.


WHEREFORE, plaintiff demand judgment against defendants on all the Causes of Action herein in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought, with interest from the date of the occurrence, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
       April 22, 2010

By: _____
ERIC ABAKPORO, ESQ.
60 4TH AVENUE
BROOKLYN, NY  11217
(718) 222-0043

# VERIFICATION

Eric Abakporo, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as the matters therein sated to be alleged on information and belief and as to those matters I believe them to be true.

Eric Abakporo
Plaintiff
60 4th Ave
Brooklyn, New York 11217

Sworn to before me on this
—— April 2010
3RD DAY OF MAY 2010

Notary Public

KAMAL P. SONI
Notary Public, State of New York
No. 01SO6089949
Qualified in Kings County
Commission Expires March 31, 2011

Ambassador Ogwu superintends plunder of Nigeria House in New York, group alleges

4/29/10 8:42 PM



Home    News    Reports    Interviews    About Us    Sport    Blog City    Articles    Columnists    Letter

EXH "A"

SI

*Written by Saharareporters, New York*



## Ambassador Ogwu superintends plunder of Nigeria House in New York, group alleges

PDF | Print | E-mail

Tuesday, 30 March 2010 13:53

Ambassador (Prof.) Joy Ogwu, Nigeria's Permanent Representative to the United Nations in New York, is presiding over a band of disloyal and unpatriotic officers to defraud the Federal Government, a group which calls itself "The Patriots" alleges in a petition sent to Acting President Goodluck Jonathan. It warned that Ambassador Ogwu has lost public trust and is unworthy to continue in office as the Permanent Representative of Nigeria.



Videos    Share    Become a Fan    twitter

Signed by Samadina Liposakim, for and on behalf of "The Patriots," was copied to the Economic and Financial Crimes Commission; the Independent Corrupt Practices and Other Related Offences Commission, and the Bureau of Public Procurement. It says that the

L

L

SI

Mi

perpetrators award inflated contracts and engage in outright plundering of the coffers of Nigeria's Permanent
Mission, and urges Mr. Jonathan to deploy for the purpose of the investigation, "experts mainly from outside (the
Ministry of Foreign Affairs) for credible outcome and fairness."

Violations cited by the group, which sent documents to back its claims, include the following:
- Expenditures were never in the approved budgets;
- Absence of a Tenders Board for procurement
- Absence of advertisement or solicitation of bids, or of open competitive bidding of contracts;
- Inflation and splitting of contracts
- Failure to obtain "Certificate of 'No Objection'" to contract awards that are clearly in excess of the approved
thresholds;
- Procurement of consultant services either outside laid down regulations, or as conduit pipes for stealing.

"The Patriots," which gives its address as PMB 150, Garki, Maputo Street, Wuse, Abuja, lists among Ambassador
Ogwu's inner "ring," Mr. Ibrahim B. Rabiu (Head of Chancery/Deputy Director); Mr. Isa Abubakar (Finance
Attaché); and Ms. Nonye Udo (Deputy Director on Secondment to the UN).

Giving specific examples of the malfeasance, the group says that despite the maintenance agreement in operation
for the three Otis lifts in Nigeria House, Ambassador Ogwu and her gang awarded another a contract of over
US$250,000 to a phoney firm to repair them without due process. "Money has been paid and it has vanished into
thin air without the replacement of a bolt or knot," the group says.

It further alleges that a two-bedroom apartment in the Galleria Condominium was repaired between 2008/2009 at
a cost of over US$200,000 without budget approval or other due process; the same apartment was awarded
another refurbishing contract of US$386,907.53; that consultancy for the same apartment has gulped
US$14,479.40; and that some cubicles were renovated in the Mission at a cost of US$288,797.97.

"Another renovation contract in the Mission costing US$203,156.59 awarded to Corporate Design Collaborative
Inc. through Ogwu's cousin's consultant firm, St. Cyprian Properties Inc., which is Amb. Ogwu's choice front ," the
group said.

St. Cyprian Properties rings a bell in New York because it belongs to Eric Abakporo, who the New York Daily News
reported as being part of a terrible scam in 2008. Exactly two years ago today, on March 30, 2008, the paper
reported that Mr. Abakporo was part of a two-person team that had taken a 78-year old Harlem widow on a
roundabout journey over her property, worth up to $15 million, but in which she had received only $20,000.

In one of the documents sent with the petition, Mr. Edgard Caicedo, a principal of Corporate Design Collaborative,
Inc. (CDCI), which got the renovation contract, indicated it could not find Mr. Abakporo, who in his spare time is a
pastor of the Deeper Life Bible Church, to pass a letter to. This is despite the fact that the Nigeria Mission was
continuing to do business with Mr. Abakporo's St. Cyprian Properties. Two of the transactions show that in one
week in December 2009, St. Cyprian Properties got two cheques worth $288,797.97 and $386,907.53. SR
repeatedly called Mr. Akakporo's law firm in Brooklyn, the calls were not answered and the messaging system
could not record voicemails.

It may also be noted that CDCI may have been awarded the latest contract, worth $4 million, for renovating Nigeria
House. In a memo to the Permanent Mission of Nigeria dated March 5, 2010, the Ministry of Foreign Affairs
objected to the award of the contract citing legal, procedural and practical problems.
(
The petition draws particular attention to the role of Mr. Rabiu, whose tour of duty, it said, ended in July 2009.
Ambassador Ogwu, the petitioners say, has consistently engineered the extension of Mr Rabiu's presence in New

York in the interest of the shady deals he is involved with in Nigeria House.

The second request for his extension seemed to have yielded bad blood in the Ministry of Foreign Affairs, as the group alleges that the Minister, Mr. Ojo Maduekwe, personally pleaded for the Directors of the Ministry to allow it to go ahead. But they said that Mr. Maduekwe's role is easy to understand, since Mr. Rabiu enabled him to engage in double-dipping. "His (Maduekwe's) hotel bills in luxury hotels in New York were settled by the Mission; even when the Minister had collected his travelling allowances to pay for his hotel lodgings."

"The Patriots" warn that although by the terms of the last extension, Rabiu is supposed to be leaving New York tomorrow, March 31, 2010, a plan has been hatched for him to return to the city following the approval of US$4 million for the repair of Nigeria House. "Their plan is for him to apply for his accumulated unspent leave immediately he returns to Abuja," the petitioners say. "He would then travel back to New York to give "professional" guidance on how to loot the funds."

Stressing the need for an immediate investigation of their petition, "The Patriots" appealed to Mr. Jonathan: "The nation is placing a lot of premium on your pledge to fight corruption in the public sector. Nigeria House is a property in disrepair and would require a properly executed rehabilitation contract. But to leave it in the hands of Amb Ogwu and her collaborators who are also at headquarters would be tragic. There is no reason why these officers should not face criminal prosecution for gross violations of laid down rules and regulations."

They also stress the urgency of their request: "Our solemn recommendations are for a team of unbiased expert investigators to fly to New York instantly to verify the claims made herein before these operators plug their tracks. Any delays would not only assist them to destroy records, but possible recoveries of stolen funds would become remote."

# Comments (110)

☐ Subscribe to this comment's feed

Manpikin said:

...
It is crystal clear from the ibo voices in this thread, that ethno-religious eccentricism and the attendant generalisations lack basis. I salute objective contributors and hail them all sons and daughters of the best that is ibo. The naive and regressive elements of this fold and the Nigerian collective that espouse the contrasting level of verbiage certainly have been set standards for cognitive development and social intercourse that deviates from primitive selfism and iconic denialism and palmwine bar parliamentarism.

April 01, 2010

Jon Ross said:

...
To be sincere, we all need a total social reformation. The issue of corruption is well wide spread, from households, clerks, drivers, bank officials, cleaners all the way up.
Hardly is anyone seen in Nigeria that lives within his/her earnings. Our social strata have been destroyed. Gone we the early days of my life when you look up to your local school teacher as a role model. These days, it is the guy next door who suddenly bought a jeep that we all pray to be like. Churches preach posterity

Nigerian Ambassador to the UN, Joy Ogwu, to commence multi-million dollar lawsuit against SaharaReporters

4/29/10 8:38 PM

EXH "B"



SI

—

*Written by Saharareporters, New York*

L



## Nigerian Ambassador to the UN, Joy Ogwu, to commence multi-million dollar lawsuit against SaharaReporters

PDF | Print | E-mail

Thursday, 22 April 2010 03:44



Prof. Joy Ogwu



Eric Abakporo-Photo by Theodorakis/News

For the third time in as many years, the resources of the Nigerian people will once again be deployed against SaharaReporters, this time by the Nigerian Ambassador to the United Nations in New York, Professor Joy Ogwu, in reaction to our recent exposure of improper contracts awarded by her at the nation's Permanent Mission.  Three weeks ago, after SaharaReporters published a story based upon a petition written by workers of the Nigerian mission, Ambassador Ogwu sent a lawyer, Eric Abakporo, a Deeeper Life church pastor, who claimed to be a "volunteer attorney" to the Nigerian mission, to speak with us.  Mr. Abakporo, who is referred to as a "relative" of Prof. Ogwu, was one of the beneficiaries of the suspicious contracts in which thousands of dollars are involved.

L

Re



While preparing that story, SaharaReporters tried unsuccessfully to reach Mr. Abakporo. Our efforts included reaching his lawyer, who said he could not himself reach Mr. Abakporo.

When the story appeared, however, Mr. Abakporo called SaharaReporters and expressed the wish that had he been reached, he could have shown SaharaReporters around New York City and other places to ascertain the projects

             📹 Videos  ⬆                         ➕ Share  🄵 Become a Fan   twitter

the documents attached to the petition claimed he was receiving mails on the firm's behalf.

We told Mr. Abakporo that we would be happy to scrutinize their documents, but wondered why the mission needed a "volunteer attorney" to facilitate such a task.

Mr. Abakporo was unhappy about the petition upon which our report was based, but he admitted that the mission had a copy of the document. He then told SaharaReporters that there was need for reproach, as he had been instructed by "Nigerian officials" many times to sue and shut down SaharaReporters. Despite that "instruction(s)," he said he had not thought it wise to do so.

We told him to grant us access to the books of the mission in order to ascertain the facts, but also to feel free to send us a rejoinder if he had facts to disprove our report. He said he would send the rejoinder the same day, but never did.

Regarding the project inspections he offered SaharaReporters to undertake, we told him we would send competent Nigerian experts to go with him in two weeks. Although that conversation took place on March 30, however, Mr. Abakporo never got back to SaharaReporters.

Our source tells us that, in order to cover up the scams under her leadership at the Mission, Mrs. Ogwu chose to make "serious" funds available to launch a libel suit against SaharaReporters, with the aim of shutting down our work.

Mrs Ogwu's effort to shut down SaharaReporters work via a libel lawsuit in the US follows two others that concern Nigeria's public officials. The first came through Paul Orhii, an acolyte of former Nigerian Attorney General, Michael Aondoakaa, concerning a report we did on his plot with Aondoakaa to collect huge fees over the Pfizer Drug Test Case in Kano.

Mr. Orhii sued Omoyele Sowore, d/b/a SaharaReporters, for $25 million, but that case was dismissed by a Federal judge in Texas. However, Mr. Orhii was rewarded by the Yar'Adua regime with the plum job of Director General of NAFDAC. He still holds that position, despite his lack of a track record as a drugs administrator.

Early last year, another lawyer for the Nigerian government, Emeka Ugwuonye, sued Omoyele Sowore d/b/a SaharaReporters, alongside former Nigerian Ambassador to the US, Oluwole Rotimi, for $50 million after he wrote to seek the permission of Nigerian officials to commence the lawsuit.

The lawsuit against SaharaReporters followed our exposure of a series of questionable deals over the sale of Nigerian embassy properties in the US and the subsequent seizure of tax refunds belonging to the Nigerian government by Mr. Ugwuonye.

Only last week, the Judge handling that case struck out the name of Ambassador Rotimi, as Mr. Ugwuonye could not prove that he could serve summons upon him. Another defendant in the case, Prof. Mobolaji Aluko, was also awarded court damages by the judge and the case against him dismissed. SaharaReporters awaits the judge's ruling

regarding motions filed asking the court to dismiss the case.

Nigerian authorities have never hidden their hatred of SaharaReporters for exposing some of the most sordid scams in high places, and they routinely embark on different efforts to shut down our important voice, using the resources of our people to suppress our legitimate rights to transmit legitimate information. Ambassador Ogwu is the latest in this series of assaults on our democratic rights, but we remain undeterred in our efforts to see that the Nigerian people are not robbed of their resources by people in high places.

# Comments (138)

Subscribe to this comment's feed

Monday James said:

...

SR is contributing to our society in its own way by reporting and exposing the ills of our society.We have severally given them credit for doing a good job. But hey, they are humans and not infallible. SURE why not? What in God's name is wrong with the woman going to court to seek redress if she feels aggrieved. It is left for the parties to proof their case in court. SR should not be jittery speculating about the source of fund to be used by Mrs Ogwu. Corruption comes in different ways. Abuse of priviledge position (as SR platform) is corruption. It is all about checks and balancing.

April 25, 2010

Omonbendel said:

...

uncouth, intolerant and aggressive? I am surprised at your complaints. I thought those were behavioral patterns liken to only Parasites? better yet, I thought those were the characteristics of Parasites?. Intolerant and Barbaric are your traits.... Omashe
**I will become a gentleman when U n others stop supporting corruption, religious killings in the North and pedophile, sorry I mean underage marriage to preteens girls/baby girls LOL LMAO** Lets get back to the TOPIC

April 25, 2010

Omonbendel said:

...

| Index No. | Year | RJI No. | Hon. |
|---|---|---|---|

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

ERIC ABAKPORO,
          Plaintiff,

     -against-

SAHARA REPORTERS, OMOYELE SOWORE,
OMOYELE SOWORE d/b/a SAHARAREPORTERS.COM,
          Defendants.

---

## SUMMONS and VERIFIED COMPLAINT

---

### ERIC ABAKPORO

*Attorney for*

**Plaintiff**

*Office and Post Office Address, Telephone*
*60 FOURTH AVENUE*
*BROOKLYN, NEW YORK 11217*
*718-222-0043*

---

To

Attorney(s) for

Signature (Rule 130-1.1-a)

Print name beneath

| | |
|---|---|
| ‖‖‖‖‖‖‖‖‖‖‖‖ <br> 736043 <br><br> **SUPREME COURT OF NEW YORK** <br><br> **KINGS** <br><br> STATE OF NEW YORK: COUNTY OF  **KINGS** | **INDEX NO: 10987/10** <br> **FILE DATE:** <br> **ATTY: ERIC ABAKPORO, ESQ** <br> **60 4TH AVENUE** <br> **BROOKLYN, NY 11217** <br><br> EPS No. 690409 <br> Attorney File No. <br> Batch No. 110426 |

ERIC ABAKPORO
- AGAINST -                                                                                **Plaintiff(s)**

SAHARA REPORTERS, OMOYELE SOWORE, OMOYELE SOWORE C/B/A SAHARAREPORTERS.COM

**Defendant(s)**

STATE OF NEW YORK,  COUNTY OF QUEENS: SS:

PATRICK PARET BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 6/18/2010 at 1:45PM at 99 GLEN BROOK, EGDEWOOD, NJ 07631,  deponent served the within SUMMONS & VERIFIED COMPLAINT on OMOYELE SOWORE. At time of service the index number and date of filing were on the SUMMONS & VERIFIED COMPLAINT

**INDIVIDUAL**
By personally delivering to and leaving with said OMOYELE SOWORE a true copy thereof, and that the process server  knew the person so served to be the person mentioned  and described in said SUMMONS & VERIFIED COMPLAINT

**A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS AS FOLLOWS:**

| | | | | | |
|---|---|---|---|---|---|
| Approximate age: | 42 | Approximate weight:  160 | | Approximate height:  5'8" | |
| Color of skin:  **BLACK** | | Color of hair:  **BLACK** | | | Sex:  **M** |

**Military** ☒  Upon information and belief I aver that the defendant is not in military service of New York State or of the
**Service**         United States as that term is defined in either the State or in the Federal statutes.

Sworn to before me on           **JUN 2 2 2010**                                        P Paret

LUISA CRESPO                    LORRE A. DUNNE                              Lic. #: 0987229
Commissioner of Deeds        NOTARY PUBLIC-STATE OF NEW YORK
City of New York No. 4-4920    No. 01DU6016358
Certificate Filed in Queens County    Qualified in Queens County
Commission Expires Aug. 1, 2011    Commission Expires 11/16/2010                    NP

**Elite Process Servers, Inc. • 88-08 Little Neck Parkway, Floral Park, NY 11001**

COURT: SUPREME COURT OF NEW YORK
COUNTY: KINGS

INDEX NO: 10987/10

――――――――――――――――――――――――――――――――X

ERIC ABAKPORO
- AGAINST -
SAHARA REPORTERS, OMOYELE SOWORE, OMOYELE SOWORE C/B/A
SAHARAREPORTERS.COM

Plaintiff(s)

Defendant(s)

――――――――――――――――――――――――――――――――X

# AFFIDAVIT OF SERVICE

ERIC ABAKPORO, ESQ
Attorney for Plaintiffs
60 4TH AVENUE
BROOKLYN, NY 11217
718-222-0043
212-795-0913

2010 JUN 23  PM 1: 03
FILED
KINGS COUNTY CLERK

Elite Process Servers, Inc. * 88-08 Little Neck Parkway, Floral Park, NY 11001

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

ERIC ABAKPORO,                                          :

               Plaintiff,                         :          Civil Action No.

     - against -                                       :

SAHARA REPORTERS, OMOYELE SOWORE       :
and OMOYELE SOWORE d/b/a                       :
SAHARAREPORTERS.COM,                            :

            Defendants.                        :

------------------------------------------------------------- x

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                     : ss.:
COUNTY OF NEW YORK  )

      I, RACHEL BRODSKY, being sworn, say:  I am not a party to the action, am over 18 years of age and reside in Brooklyn, New York.  On July 16, 2010, I caused to be served the accompanying NOTICE OF REMOVAL by depositing a true copy thereof enclosed in a wrapper addressed as shown below, into the custody of Federal Express for overnight delivery, prior to the latest time designated by that service for overnight delivery:

          ERIC ABAKPORO
          60 Fourth Avenue
          Brooklyn, New York  11217
          Tel: (718) 222-0043

          *Pro Se Plaintiff*

                                   _Rachel Brodsky_
                                     Rachel Brodsky

Sworn to before me this
16th day of July 2010.


**Linda G. Moschetti**
Notary Public

LINDA G. MOSCHETTI
Notary Public, State of New York
No. 01MO4723235
Qualified in Bronx County
Term Expires August 31, 20_10_

DWT 15047666v1 0050033-000032