

1633 Broadway
27th Floor
New York, NY  10019-6708

**Robert Balin**
212.603.6440 tel
212.379.5240 fax

robbalin@dwt.com

April 4, 2012

**BY CM/ECF**

Hon. Viktor V. Pohorelsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    *Abakporo v. Sahara Reporters, et al.*, No. 10-cv-3256-RJD-VVP,
            <u>Letter Motion to Dismiss Action for Failure to Comply with Discovery Orders</u>

Dear Magistrate Judge Pohorelsky:

      We are pro bono counsel to defendants Sahara Reporters, Omoyele Sowore and Omoyele Sowore d/b/a Saharareporters.com ("Defendants") in the above-referenced libel action.  We write pursuant to the Court's Orders dated March 16, 2012 (Dkt. Nos. 24, 25) (the "March 16 Orders"), and in response to plaintiff pro se and New York attorney Eric Abakporo's Discovery Letter Motion to Vacate, filed March 29, 2012 (Dkt. No. 27) (the "March 29 Letter").

      In its March 16 Orders, this Court granted Defendants' motion to compel discovery, following Mr. Abakporo's:  (i) failure to respond to Defendants' First Sets of Interrogatories and Requests for Documents (the "Initial Discovery Requests"); (ii) failure to respond to Defendants' motion to compel (Dkt. No. 23); and (iii) failure to appear at the Court-ordered conference on March 16.  *See* Dkt. Nos. 24, 25.  By reason of Mr. Abakporo's repeated defaults, the Court ordered Mr. Abakporo to respond in writing to Defendants' Initial Discovery Requests by March 23, 2012 and to produce responsive documents on or before March 30, 2012, and stated that Mr. Abakporo "*is expressly warned that a failure to comply with this order will result in a recommendation that this action be dismissed with prejudice for failure to prosecute*."  *See* Dkt. No. 25 (emphasis supplied by the Court).  The Court also awarded Defendants their attorneys' fees in connection with their motion to compel.  *See id.*

      As of today's date (almost two weeks after the March 23 deadline), Mr. Abakporo has failed to comply with his court-ordered obligation to provide discovery responses and to produce documents.  Accordingly, pursuant to the March 16 Orders, Defendants respectfully request that this action be dismissed with prejudice.

DWT 19319414v1 0200214-000001

Anchorage | New York | Seattle
Bellevue | Portland | Shanghai
Los Angeles | San Francisco | Washington, D.C.

www.dwt.com

Hon. Viktor V. Pohorelsky
April 4, 2012
Page 2

In his March 29 Letter, Mr. Abakporo now requests that the Court vacate its grant of Defendants' motion to compel and attorneys' fees award, on the ground that he purportedly never received Defendants' Initial Discovery Requests – which were served by email on Mr. Abakporo on January 19.  Mr. Abakporo further asserts in his letter that he was thereafter in Nigeria from February 20 through March 27, and that he "could not have seen nor received Defendant's [motion to compel]" because he "had no internet service because [he] was in a remote part of [Nigeria] and [] fell ill."  *See* March 29 Letter at 1.  As proof of his trip to Nigeria, Mr. Abakporo submits two exhibits:  an email confirmation dated February 17, 2012, of a one-way ticket in the name of "IKWAZEMA E ABAKPORO" for travel on February 20, 2012, from New York's JFK Airport to Lagos, Nigeria, sent to eralaw@aol.com; and what appears to be a handwritten stub from a boarding pass in the name of "ERIC ABAKPORO," indicating travel from Lagos to JFK on March 26, 2012.  *See* Dkt. Nos. 29, 30.  (Mr. Abakporo's full name according to the New York State Attorney Directory is "Ifeanyichukwu Eric Abakporo".  *See* Exhibit "A" hereto.)

Defendants respectfully submit that, besides straining credulity, Mr. Abakporo's belated explanations do not excuse his repeated failure to comply with court-ordered deadlines.

The deadlines and method for serving and responding to the Initial Discovery Requests, and for filing any motions to compel, were set forth in this Court's Order dated December 21, 2011.  *See* Dkt. No. 22 (the "December 21 Order").  The December 21 Order memorialized the obligations of the parties set by the Court at the December 20, 2011 Initial Conference in this action, at which Mr. Abakporo appeared.  *See id.*

The December 21 Order directed the parties to serve their initial discovery requests "by email by January 19, 2012."  At the December 20 Initial Conference, the parties, including Mr. Abakporo, consented to service of discovery requests and written responses by email.  *See* Declaration of Victor Hendrickson, dated April 4, 2012 ("Hendrickson Decl."), ¶ 3.  Accordingly, on January 19, 2012, my associate, Victor Hendrickson, served Defendants' Initial Discovery Requests on Mr. Abakporo by transmittal email sent to eralaw@aol.com.  Hendrickson Decl. ¶ 2 and Exs. A, B (copies of the January 19 transmittal email and Certificate of Service).

Mr. Hendrickson served the Initial Discovery Requests on Mr. Abakporo at the <u>same</u> email address – eralaw@aol.com – that Mr. Abakporo has registered with the Court for CM/ECF purposes and through which Mr. Abakporo has filed documents in this case, including his March 29 Letter.  It is the same email address that is on Mr. Abakporo's letterhead.  *See* March 29 Letter.  It is the same email address where Mr. Abakporo received confirmation of his purported one-way ticket from JFK to Lagos, Nigeria.  *See* Dkt. No. 29.  It is the same email address where I have repeatedly corresponded with Mr. Abakporo prior to Mr. Hendrickson's service of the

Hon. Viktor V. Pohorelsky
April 4, 2012
Page 3


Initial Discovery Requests on January 19, 2012.  *See, e.g.,* Exhibit "B" hereto.  It is the same email address where I have corresponded with Mr. Abakporo after Mr. Hendrickson served the Initial Discovery Requests.  *See* Exhibit "C" hereto.  It is the same email address where Mr. Hendrickson has corresponded with Mr. Abakporo in connection with this action.  Hendrickson Decl. ¶ 4 and Ex. C.  Mr. Hendrickson's January 19 transmittal email to Mr. Abakporo was <u>not</u> returned as undeliverable (*see* Hendrickson Decl. ¶ 2); and at <u>no</u> time did Mr. Abakporo ever contact us to complain that he had not received Defendants' Initial Discovery Requests.[1]

     In other words, Mr. Hendrickson's January 19 transmittal email of the Initial Discovery Requests – sent a full month <u>before</u> Mr. Abakporo states he left for Nigeria – appears to be the <u>only</u> email that Mr. Abakporo now claims he has not received since he filed this lawsuit.  Mr. Abakporo even acknowledges in his March 29 Letter that on March 28 he "received [his] letters <u>and email</u> and saw all that transpired [while he was in Nigeria]."  March 29 Letter at 1 (emphasis added).  In short, Mr. Abakporo's claim that he supposedly did not receive the January 19 email attaching the Initial Discovery Requests rings hollow indeed.  Given the evidentiary record, this Court may well conclude that, just as Mr. Abakporo never bothered to serve any discovery requests on Defendants by the January 19 court-ordered deadline (or at any time thereafter), he in fact received but neglected to answer Defendants' Initial Discovery Requests.[2]

     Moreover, even assuming *arguendo* that Mr. Abakporo never received Defendants' Initial Discovery Requests until March 28, 2012, as he now claims, that does not excuse or explain:  (i) why Mr. Abakporo never served discovery requests of his own by the court-ordered January 19, 2012 deadline; or (ii) why he did not inform the Court or counsel that he was going to be out of the country for the March 16, 2012 conference, which was scheduled nearly three months beforehand, on December 20, 2011 (*see* Dkt. No. 22).  If Mr. Abakporo was going to be

---

[1] In fact, email has been the only reliable means of communication with Mr. Abakporo.  No one has ever answered at his office phone number of record, and neither that number nor the cell phone number he provided to us has ever accepted voicemail messages.  (The Court itself has noted that, in connection with Defendants' request for a pre-motion conference on their Rule 12(b)(6) motion to dismiss, "[t]elephonic attempts were made to contact plaintiff, to no avail."  Dkt. No. 4.)  In addition, Federal Express and other courier services have never been able to deliver documents to Mr. Abakporo's physical address of record, which is his law office, because the office has been closed on every attempt.  We also have had repeated problems faxing documents to Mr. Abakporo's fax number of record.

[2] Defendants also note that third-party St. Cyprian Properties, Inc. ("St. Cyprian"), of which Mr. Abakporo has held himself out as President, has defaulted in responding to the subpoena issued to it in connection with this action.  *See* Exhibit "D" hereto.  One of the factual issues in this lawsuit concerns Mr. Abakporo's relationship with St. Cyprian and, while he denies that he is an owner of St. Cyprian, public records indicate that Mr. Abakporo has "signed [real estate documents] under penalty of perjury as 'President' of St. Cyprian Properties," as Chief Judge Dearie recognized in the Decision & Order on Defendants' Rule 12(b)(6) dismissal motion.  *See* Dkt. No. 18, at 20 n.11; *see also* Exhibit "E" hereto, at pages 6-9.

Hon. Viktor V. Pohorelsky
April 4, 2012
Page 4

out of the country, he had a professional responsibility to seek an adjournment of the March 16 conference from the Court and from Defendants.

As the plaintiff in this action, it is Mr. Abakporo's responsibility to prosecute his case. In addition, as an attorney, Mr. Abakporo has a professional obligation to monitor his cases. It is not a valid excuse for him to have completely ignored his court-registered email account for more than five full weeks. Yet, just as he now claims he never received the Initial Discovery Requests that were emailed to him on January 19, Mr. Abakporo also asks the Court to overlook his prolonged failure to review the copies of the Initial Discovery Requests that were re-emailed to him with our letter of February 28, 2012, in which we informed him of his default, and with our motion to compel, served and filed on March 6, 2012. *See* Dkt. No. 23, Exs A-C.[3] We respectfully submit that Mr. Abakporo's excuses are too little too late.

In his March 29 Letter, Mr. Abakporo also seeks to vacate the award of attorneys' fees to Defendants in connection with their motion to compel. However, Mr. Abakporo's opposition to Defendants' fee application was due on March 28, 2012 – after he says he returned from Nigeria. *See* Dkt. No. 25 at 2. In any event, the fees award should stand because the motion to compel, and our appearance at the March 16 conference, would have been unnecessary if Mr. Abakporo had properly informed counsel that he would be out of the country. Moreover, it is frivolous for Mr. Abakporo to complain that defense counsel should have filed a "certification of good faith" efforts to resolve the discovery issue prior to filing their motion to compel. *See* March 29 Letter at 2. Under this Court's December 21 Order (and pursuant to the Court's Local Civil Rules), Defendants were required to submit their discovery motion in letter form. *See* Dkt. No. 22. Defendants' letter motion to compel expressly set forth our repeated unsuccessful attempts to communicate with Mr. Abakporo in good faith prior to filing the motion, and in doing so Defendants cited the appropriate Federal Rule of Civil Procedure and Local Civil Rule and the December 21 Order. *See* Dkt. No. 23 at 1-2. Indeed, our good-faith attempts to contact Mr. Abakporo were bound to fail, since he had not informed us that he was out of the country and unreachable.

Mr. Abakporo does not dispute the hourly rates proposed by Defendants for calculating their fees. He does dispute the actual time spent on the motion to compel. As indicated in my supporting declaration, Mr. Hendrickson worked principally on the motion, spending a reasonable amount of time researching the available sanctions and appropriate procedure on a motion to compel, reviewing the factual background materials, and drafting, revising and finalizing the letter motion, including its exhibits. *See* Dkt. No. 26, Ex. C. Moreover,

---

[3] We note that, while Mr. Abakporo claims he had no Internet access while in Nigeria (a questionable proposition), he neglects to inform the Court that he also receives his emails through the Sprint wireless network using his Blackberry. *See, e.g.,* Exhibit B hereto and Hendrickson Decl., Ex. C, at 2. Mr. Abakporo does not contend that he was without wireless service during his trip to Nigeria.

Hon. Viktor V. Pohorelsky
April 4, 2012
Page 5

Defendants are not seeking fees to which they are otherwise entitled, for time spent preparing for or attending the March 16 conference, preparing their fee application, paralegal fees, online legal research fees, or costs, and we have proposed hourly rates significantly reduced from our standard rates. *See* Dkt. No. 26, ¶¶ 5, 6, 9.

For the foregoing reasons, pursuant to this Court's March 16 Orders, Defendants respectfully request dismissal of this action with prejudice by reason of Mr. Abakporo's repeated failure to comply with court orders. If the Court believes lesser sanctions are appropriate, Mr. Abakporo – having failed to serve any discovery requests on Defendants by the January 19 court-ordered deadline – should, at a minimum, be precluded from serving any written discovery requests in this action.

                                                Respectfully submitted,

                                                *s/Robert D. Balin*

                                                Robert D. Balin

cc:     Eric Abakporo, Esq., Plaintiff Pro Se